**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Davonne Cox, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-155826

―――――――――――

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2013-UP-445
Heard November 7, 2013 – Filed November 27, 2013

―――――――――――

**AFFIRMED**

―――――――――――

Chief Deputy Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Assistant Attorney General Christina J. Catoe, of
Columbia, for Respondent.

―――――――――――

**PER CURIAM:** In this belated direct appeal, Kevin Davonne Cox argues the trial court committed reversible error by allowing testimony about his possession of heroin and marijuana at the time of his arrest. He asserts the testimony was unduly prejudicial because he was on trial for charges relating to his possession of only

cocaine.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *See State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912 (Ct. App. 2004) ("'It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.'" (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *see also State v. Bantan*, 387 S.C. 412, 418, 692 S.E.2d 201, 204 (Ct. App. 2010) (finding the defendant did not preserve his argument because he declined the trial court's offer to give curative instructions); *Cock-N-Bull Steak House, Inc. v. Generali Ins. Co.*, 321 S.C. 1, 11, 466 S.E.2d 727, 732 (1996) (finding the party's failure to take advantage of court's offer of curative instruction resulted in a waiver of the party's right to complain of error).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY,  JJ., concur.**